UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JAIME SANDOVAL,

        Petitioner,

        v.                              Case No. 10-C-0566

UNITED STATES OF AMERICA,

        Respondent.

DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND DISMISSING CASE

After absconding while on pretrial release in 2003, Jaime Sandoval remained a fugitive until 2007. Eventually, he pled guilty to conspiracy and a new charge of failing to appear in court. On August 23, 2008, this court sentenced Sandoval to a concurrent sentence of 97 months imprisonment. Sandoval appealed, and the Seventh Circuit Court of Appeals granted counsel's motion to withdraw and dismissed the appeal. *United States v. Jaime Sandoval-Ocampo*, 334 Fed. Appx. 767 (2009). Now, Sandoval is before the court on a motion filed pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

On June 14, 2011, this court ordered Sandoval to file an amended motion on or before July 15, 2011, because his fourth ground for relief was impermissibly vague. (Doc. 2.) In addition, the court warned Sandoval that failure to file an amended motion would result in the court proceeding to screen the first through third grounds for relief. Sandoval never filed an amended petition or any other document in this case. As it stands, the fourth ground, simply titled "safety valve/gun challenge," was never raised on appeal and there is no discussion of the issue in the petition. Accordingly, the fourth ground is dismissed.

Turning to the first three grounds for relief, Sandoval raises an ineffective assistance of counsel claim based on counsel's alleged failure to object to the presentence report and the plea agreement. Sandoval maintains that he was supposed to get a charge dismissed. The record belies Sandoval's claims.

The minutes reflect that Attorney Anne Bowe was allowed to withdraw because Sandoval had no confidence in her notwithstanding her efforts. Next, Attorney Christopher J. Cherella was appointed, and represented Sandoval when he pled guilty to the two counts set forth in the plea agreement. Attorney Cherella also filed objections to the presentence report. (Doc. 276.)

Sandoval's arguments regarding counsel's failure to object to the plea agreement are frivolous because they are based on a mistaken belief that he was entitled to have an additional count dismissed. As will be discussed in more detail below, the government agreed to dismiss the indictment when Sandoval pled guilty to the information. The government filed a superceding indictment and Sandoval appeared in court with a federally certified Spanish interpreter on February 27, 2008. Sandoval admitted that his counsel had explained to him all of the information that he needed, answered all of his questions,

and acknowledged that he had reviewed the plea agreement with his counsel before signing it. The court read the two counts to Sandoval, and Sandoval then stated, in his own words, what crime the government had charged him with in the information. He told the court that no one had forced him to do anything, and the court observed Sandoval sign the waiver of indictment form.

On page 23 of the transcript from the plea hearing, Sandoval told this court that he understood that he was charged with voluntarily leaving to avoid being prosecuted, but he explained that his "intention was not to try and escape for that reason." He further told the court that no one threatened or forced him to plead guilty, told him what to say, or made the decision to plead guilty for him. Sandoval confirmed that he was pleading guilty because he was guilty and that there was no reason the court should not accept his plea. On this record and without any other facts, counsel's performance was objectively reasonable under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and it plainly appears that Sandoval is not entitled to relief on ground one.

Ground two accuses the government of breaching the plea agreement because Sandoval was told the remainder of the charges would be dismissed. Sandoval refers the court to page 5 of the plea agreement. Paragraph 8 reads as follows:

DISMISSAL OF REMAINING COUNTS

8.  The government agrees to move to dismiss the indictment, as to Jaime Sandoval only, at the time of sentencing.

The government filed the superceding information on the same day as the plea hearing. Sandoval pled guilty to the two counts in the superceding information. There were no other counts to be dismissed, and, consequently, no basis for ground two.

3

Finally, ground three asserts that the "presentence investigation report contains several factual inaccuracies, presumably offered by the government which are not supported by evidence." Sandoval states that he told his lawyer he was almost killed, his daughter kidnapped, and that probation knew about it. No other factual inaccuracies are identified.

During the October 10, 2008, sentencing hearing, Sandoval told this court that he was in agreement with Attorney Cherella's objections to the presentence report and that everything was fine. The court addressed the factual disputes raised by Sandoval and his attorney, and particularly focused on whether the amounts for personal cocaine use would be calculated with regard to the conspiracy. The court sustained Sandoval's objections regarding drug quantity attributed to him for the purpose of sentencing.

Attorney Cherella also objected to the addition of two points for absconding based on a theory that Sandoval was being punished twice because he pled guilty to count two. After discussing the grouping of charges, the court gave Sandoval an opportunity to state whether he wished to withdraw his plea because he didn't contemplate this consequence. Sandoval stated unequivocally that he did not wish to withdraw the plea. In finding that, at a minimum, Sandoval did not accept responsibility, the court cited Sandoval's failure to appear, his disappearance for four years, and that he assumed a new identity, thereby imposing a cost on the government.

In arguing that the court should depart from the advisory guideline range of 97 to 121 months, Attorney Cherella argued that threats were made against Sandoval and his family which led to him "leaving and going elsewhere." Sandoval was given the opportunity to address the court prior to the sentence being imposed and was asked a second time

4

whether there was anything else he wished to add. After hearing nothing more, the court imposed a sentence at the low end of the guideline range.

On appeal, Sandoval made clear in his 51(b) response that he did not want to discuss the pleas or the plea colloquy but rather challenge his sentence. The Seventh Circuit Court of Appeals considered the arguments raised regarding acceptance of responsibility, obstruction of justice, and the calculation of the sentence, and rejected each of the arguments. *Sandoval-Ocampo,* 334 Fed. Appx. at 769. As a result, the court will not require the government to respond to Sandoval's pending § 2255 motion. The record speaks for itself. Now, therefore,

IT IS ORDERED that the motion under § 2255 to vacate, set aside, or correct sentence is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2012.

               BY THE COURT

               /s/ C. N. Clevert, Jr.
               C. N. CLEVERT, JR.
               CHIEF U. S. DISTRICT JUDGE